IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ARTHUR WILLIS CONSTABLE, ] | |
| ] | |
| Plaintiff, ] | |
| ] | |
| v. ] | |
| ] | 2:14-cv-409-KOB |
| DEORTHA JO LAMBERT, ] | |
| ] | |
| Defendant. ] | |
| ] | |
| ] | |

**MEMORANDUM OPINION AND ORDER**

This matter comes before the court on the Defendant's "Motion for Summary Judgment," (doc. 16), and "Plaintiff's Motion to Strike" (doc. 18). Plaintiff Arthur Constable sued Deortha Jo Lambert asserting claims for malicious prosecution and abuse of process. The court held a hearing on Defendant's motion for summary judgment and Plaintiff's motion to strike on Thursday, March 10, 2016. For the reasons stated on the record of the hearing and summarized below, the court **FINDS** as follows.

As to the Plaintiff's motion to strike, (doc. 18), the court GRANTS the motion by agreement as to Item 1 regarding the lease agreement. The court DENIES the remainder of the motion.

As to the Defendant's motion for summary judgment (Doc. 16), the court GRANTS IN PART and DENIES IN PART. Defendant's motion for summary judgment as to Count I of Plaintiff's complaint for malicious prosecution is due to be DENIED. "The elements of a claim of malicious prosecution are: (1) that a judicial proceeding was initiated by the defendants, (2)

1

that the judicial proceeding was instituted without probable cause, (3) that the judicial proceeding was instituted by the defendants maliciously, (4) that the judicial proceeding was terminated in favor of the plaintiff, and (5) that the plaintiff suffered damage as a proximate cause of the judicial proceeding." *McConico v. Patterson*, 2016 WL 103987 at *2 (Ala. Civ. App. January 8, 2016)(citing *Eidson v. Olin Corp.*, 527 So. 2d 1283, 1284 (Ala. 1998)); *Alabama Power Co. v. Neighbors*, 402 So. 2d 958 (Ala. 1981).  The court finds genuine issues of material fact exist regarding whether Defendant initiated the criminal proceeding against the Plaintiff; whether Defendant initiated the judicial proceeding without probable cause; and whether Defendant initiated the judicial proceeding with malice.

Defendant's motion for summary as to Count II of Plaintiff's complaint for abuse of process is due to be GRANTED. "The elements of the tort of abuse of process are 1) the existence of an ulterior purpose, 2) a wrongful use of process, and 3) malice."  *C.C. & J. Inc. v. Hagood*, 711 So. 2d. 947, 950 (Ala. 1998) (citing *Triple J Cattle, Inc. v. Chambers*, 621 So. 2d 1221, 1225 (Ala. 1993)).  The court finds that Plaintiff failed to establish the second element of the cause of action because Plaintiff fails to present evidence that Defendant wrongfully used process *after* the initiation of the proceeding. *See Shoney's, Inc. v. Barnett*, 773 So. 2d 1015, 1025 (Ala. Civ. App. 1999) ("[Plaintiff] was required to prove that [Defendant] did something other tha[n] 'carry out the process to its authorized conclusion.'"). "[P]rosecuting someone for a crime without probable cause is malicious prosecution, not abuse of process." *Id.*

Accordingly, for the reasons discussed above, the court GRANTS IN PART and DENIES IN PART the Plaintiff's motion to strike and GRANTS IN PART and DENIES IN PART the Defendant's motion for summary judgement. This matter will proceed regarding the Plaintiff's

malicious prosecution claim.

DONE and ORDERED this 14th day of March, 2016.

_____
KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE